**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VICTOR MANUAL GOMEZ CHAVEZ, | ) | NO. EDCV 26-4076-AS |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MARKWAYNE MULLIN, et al., | ) | |
| Respondents. | ) | |

**I.**

**INTRODUCTION**

On July 21, 2026, Victor Manual Gomez Chavez ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Rodney S. Scott, Commissioner of United States Customs and Border Protection; United States Immigration and Customs Enforcement ("ICE"); Jaime Rios, Acting Los Angeles Field Office Director for ICE; Eddy Wang, Special Agent in Charge of Los Angeles DHS Investigations; and the Warden of the Adelanto ICE

Processing Center (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition alleges: (1) Petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A); (2) mandatory detention under Section 1225(b)(2)(A) violates due process of law; and (3) DHS's detention policy violates the Administrative Procedures Act. (Petition at 8-11). Petitioner seeks his immediate release from custody or, alternately, a prompt individualized bond hearing before a neutral Immigration Judge within seven days. (Petition at 11-12).

On July 28, 2026, Respondents filed an Answer to the Petition ("Answer"), which asserted that "Petitioner appears to be a member of the Bond Eligible Class certified in" Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and also "acknowledge[d] that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (Dkt. No. 8). Petitioner did not file a Reply. The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 3, 6).

## II.

### BACKGROUND

Petitioner is a non-citizen who has lived in the United States since 2003. (Petition at 2, 5). He is a resident of Adelanto, California, who is married to a lawful permanent resident and has five United States citizen children, including one who is a member of the

2

United States Army.  (Petition at 2, 7).  Petitioner has no criminal history.  (Id.).

On June 28, 2026, ICE agents arrested Petitioner in Adelanto, California, while he was driving home.  (Petition at 2-3, 7).  Petitioner has been charged with removability under Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled.  (Petition at 7).  Petitioner remains detained at the Adelanto ICE Processing Center.  (Petition at 5).

## III.

### DISCUSSION

In Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

Bautista, 813 F. Supp. 3d at 1127.  The Bautista court entered final judgment as to the Bond Eligible Class on December 18, 2025.  Bautista

v. Noem, 2025 WL 3678485, *1 (C.D. Cal. 2025).  "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing Bautista, 2025 WL 3678485 at *1); Zavala v. Semaia, 2026 WL 2291230, *2 (C.D. Cal. 2026).  The Ninth Circuit recently affirmed this conclusion.  See Rodriguez Vazquez v. Bostock, __ F.4th __, 2026 WL 2196424, *3 (9th Cir. 2026) ("[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

"Since Respondents concede that Petitioner is a member of the [Bautista] class, and he is detained in the Central District of California, he is entitled to the application of the Court's declaratory Judgment there that the provision of the Immigration and Nationality Act applicable to his detention is 8 U.S.C. § 1226, not Section 1225.  Petitioner is therefore entitled to a bond hearing."[1]

---

[1]  Even absent Respondents' concession, "[b]ecause Petitioner's . . . Petition alleges facts that place [him] squarely within the definition of the Bond Eligible Class, the Court is compelled to find that [he] is entitled to the relief . . . guaranteed by *Bautista*'s final judgment."  Inzuna v. Warden of Adelanto Det. Facility, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026); see also Noriega-Gastelum v. Marin, 2026 WL 2261025, *2 (C.D. Cal. 2026) ("[E]ven if the parties had not previously agreed that Petitioner should be given a bond hearing under the authority of [Bautista], [following Rodriguez Vazquez,] it is now clear that Petitioner's detention is governed by 8 U.S.C. § 1226(a)[.]").

Zavala, 2026 WL 2291230 at *2; Rodriguez Vazquez, __ F.4th at __, 2026 WL 2196424 at *3; Singh v. Blanche, 2026 WL 2290907, *1 (C.D. Cal. 2026); see also Rathi v. Warden of Desert View Annex Det. Facility, 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); Devi v. Semaia, 2026 WL 712043, *1 (C.D. Cal. 2026) ("Because there is no dispute that Devi is part of the *Bautista* class, has not received a bond hearing, and is entitled to one, . . . [t]he appropriate remedy is a bond hearing with further recourse in this Court if Respondents fail to provide a hearing that complies with due process.").[2]

## IV.

## ORDER

Accordingly, it is hereby ORDERED that:

The Petition (Dkt. No. 1) is granted as to Petitioner's *Bautista* claim. (See Petition at 8-11).

Respondents are enjoined from continuing to detain Petitioner (A# 236-299-765) unless within seven (7) days of the date of this Order

---

[2] "To the extent Petitioner requests immediate release because he is being held 'virtually incommunicado' and based on the conditions of confinement at [the Adelanto ICE Processing Center (Petition at 2)], Petitioner has not shown such relief is available on such conclusory assertions or properly pursued by means of a petition for writ of habeas corpus." Ramirez Sanchez v. Mullin, 2026 WL 2247537, *2 n.1 (C.D. Cal. 2026).

Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations. See, e.g., Hernandez v. Semaia, 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, . . . Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); Quinonez Herrera v. Mullin, 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

The Court further ORDERS the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order within ten (10) days of the date of this Order. If Petitioner has been given a bond hearing, the Joint Status Report must state the parties' position as to whether this action is moot.

Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

IT IS SO ORDERED.

DATED: August 13, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
