**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR MANUAL GOMEZ CHAVEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | NO. EDCV 26-4076-AS<br><br>**ORDER DISMISSING PETITION AS MOOT** |

On July 21, 2026, Victor Manual Gomez Chavez ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), which sought Petitioner's immediate release from custody or, alternately, a prompt individualized bond hearing before a neutral Immigration Judge ("IJ") within seven days. (Docket ("Dkt.") No. 1).

On August 13, 2026, the Court granted the Petition to the extent Petitioner sought a bond hearing and enjoined Respondents from continuing to detain Petitioner unless Petitioner was "provided with an individualized bond hearing before an [IJ] pursuant to 8 U.S.C. § 1226(a) and all applicable regulations." (Dkt. No. 9). The Court also

required the parties to submit a Joint Status Report regarding, *inter alia*, whether Petitioner received a bond hearing and the outcome of the bond hearing. (Id. at 6).

On August 28, 2026, the parties submitted a Joint Status Report stating that Petitioner had a bond hearing on August 27, 2026, and an IJ ordered Petitioner released on bond with conditions. (Dkt. No. 11). Accordingly, since Petitioner has now received all relief he sought in the Petition, the Petition is dismissed as moot. Abbott v. Fed. Bureau of Prisons, 771 F.3d 512, 513 (9th Cir. 2014); Abdala v. Immigration & Naturalization Serv., 488 F.3d 1061, 1064-65 (9th Cir. 2007); see also Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002) ("Appellant's release from detention moots his challenge to the legality of his extended detention.").

IT IS SO ORDERED.

DATED: October 5, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE